UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:13-cv-485-RJC-DCK

| RAYMOND A. JOHNSON, | ) |   |
|---|---|---|
|   | ) |   |
| Plaintiff, | ) |   |
|   | ) |   |
| vs. | ) | **ORDER** |
|   | ) |   |
| SCOTT CLARK HONDA, et. al., | ) |   |
|   | ) |   |
| Defendants. | ) |   |

**THIS MATTER** comes before the Court on Plaintiff's Motion for Recusal of Magistrate Judge David Keesler. (Doc. No. 12). In this hand-written motion, Plaintiff moves for the recusal of Magistrate Judge Keesler on the grounds that he "do[es not] feel that [he] can get Due Process From the Bench under Magistrate Judge David C. Keesler." (Id. at 2).

Plaintiff is a frequent litigator in this district who has a history of frivolous filings, including bringing motions for recusal. See, e.g. Johnson v. Hendrick Automotive Grp. and Hendrick Honda, 3:10-cv-109 (W.D.N.C.) (Johnson I); Johnson v. Hendrick Automotive Grp and Hendrick Honda, 3:11-cv-389 (W.D.N.C. 2011) (Johnson II); Johnson v. Ogletree et. al., 3:11-cv-391 (W.D.N.C. 2011) (Johnson III). In prior litigation, courts have noted the extensive burden that Plaintiff's litigation places on the judicial system. "Plaintiff's duplicative filings and repeated motions for reconsideration place a substantial burden on the Court's limited judicial resources and on Defendant's who must respond." Johnson II, (Doc. No. 18, p. 6). Likewise, Plaintiff has filed, and the courts have denied, motions for recusal against other judges in prior cases. See, e.g. Id.; Johnson III, (Doc. No. 24).

1

The Court has considered Plaintiff's Motion for Recusal of Magistrate Judge Keesler and finds it without merit. Plaintiff alleges no facts to support a showing of partiality or personal bias against him by Magistrate Judge Keesler. His complaints, insofar as the Court can infer, appear to stem from his dissatisfaction of rulings made by Magistrate Judge Keesler in prior cases. "Alleging bias or prejudice of a judge's views or rulings that arise from facts or events of current or prior proceedings is an insufficient basis for recusal unless the opinions 'display a deep-seated favoritism or antagonism that would make fair judgments impossible.'" United States v. Blackwell, No. 3:04-cr-00040, 2008 WL 4222026 at *2 (W.D.Va. Sep. 15, 2008) (quoting Liteky v. United States, 510 U.S. 540, 555 (1994)).

**IT IS, THEREFORE, ORDERED** that Plaintiff's Motion for Recusal (Doc. No. 12) is **DENIED**.

**IT IS FURTHER ORDERED** that Plaintiff is warned that further filing of frivolous documents in this Court could result in Rule 11 sanctions and the issuing of a pre-filing injunction order. Such sanctions could issue *sua sponte*, that is, without motion from Defendants.

Signed: October 7, 2013

Robert J. Conrad, Jr.
United States District Judge

2