# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF NORTH CAROLINA
## CHARLOTTE DIVISION
## 3:13-cv-485-RJC-DCK

| | | |
|---|---|---|
| **RAYMOND A. JOHNSON,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | |
| | ) | **ORDER** |
| **SCOTT CLARK HONDA et. al.,** | ) | |
| | ) | |
| **Defendants.** | ) | |
| | ) | |
| | ) | |

**THIS MATTER** comes before the Court on Plaintiff's Motion for Recusal (Doc. No. 12), Second Motion for Recusal (Doc. No. 35) and appeals of various orders of the Magistrate Judge. (Doc. Nos. 36, 39). They are ripe for review.

## I.    BACKGROUND

Plaintiff brought this suit on August 26, 2013. On October 2, 2013, Plaintiff filed a motion for recusal for Magistrate Judge David Keesler. (Doc. No. 12). On November 19, 2013, Plaintiff filed a second motion for recusal of Magistrate Judge Keesler. (Doc. No. 35). Those motions were referred to this Court. Also on November 19, 2013, Plaintiff submitted an appeal of Magistrate Judge Decision (Doc. No. 36). On December 4, 2013, Plaintiff filed a second Appeal of Magistrate Judge Decision. (Doc. No. 39).

## II.    DISCUSSION

1.    Motion for Recusal

Plaintiff is a frequent litigator in this district who has a history of frivolous filings, including motions for recusal. See, e.g. Johnson v. Hendrick Automotive Grp. and Hendrick Honda, 3:10-cv-109 (W.D.N.C.) (Johnson I); Johnson v. Hendrick Automotive Grp and

<u>Hendrick Honda</u>, 3:11-cv-389 (W.D.N.C. 2011) (<u>Johnson II</u>);  <u>Johnson v. Ogletree et. al.</u>, 3:11-cv-391 (W.D.N.C. 2011) (<u>Johnson III</u>).  In prior litigation, courts have noted the extensive burden that Plaintiff's litigation places on the judicial system.  "Plaintiff's duplicative filings and repeated motions for reconsideration place a substantial burden on the Court's limited judicial resources and on Defendant's who must respond."  <u>Johnson II</u>, (Doc. No. 18, p. 6).  Likewise, Plaintiff has filed, and the courts have denied, motions for recusal against other judges in prior cases.  See, e.g. <u>Id.</u>; <u>Johnson III</u>, (Doc. No. 24).

Here, Plaintiff has a problem with Magistrate Judge David Keesler, who has been referred in this case and to whom Plaintiff's initial motions were submitted for disposition.  The balance of Plaintiff's grievance, spelled out in his motions and appeal, consists of his objections to unfavorable rulings delivered by Magistrate Judge Keesler in prior lawsuits.

For the following reasons, the Court **DENIES** Plaintiff's first motion to recuse (Doc. No. 12) as moot and **DENIES** his second motion (Doc. No. 35).  28 U.S.C. § 455 requires a magistrate judge to recuse himself in several instances, most notably, where there exists a personal bias or prejudice against party.  Plaintiff has not alleged any personal bias or prejudice in this case; indeed, his sole complaint is that Magistrate Judge Keesler denied several of Plaintiff's motions in this and earlier suits.  (Doc. No. 35).  Judicial rulings alone "almost never constitute a valid basis for a bias or impartiality motion."  <u>Liteky v. United States</u>, 510 U.S. 540, 555 (1994).  Plaintiff has provided no grounds to support his motions for recusal and they are denied.

2.    <u>Appeals</u>

Although no dispositive issues have been addressed in the case, Plaintiff has already brought two appeals which consist, collectively, of a re-hashing of his arguments in his

respective motions for sanctions, recusal and to appoint counsel.  28 U.S.C. § 636(b)(1)(A) authorizes a judge to designate a magistrate judge to hear and determine any pretrial matter except for certain dispositive motions.  A district court reviews matters heard under section 636(b)(1)(A) to determine whether the "magistrate judge's order is clearly erroneous or contrary to law."  Id.

Plaintiff offers no specific objections and provides no basis to reconsider the earlier rulings, and the rulings of the Magistrate Judge were not clearly erroneous.  For these reasons, Plaintiff's Appeals (Doc. Nos. 36 and 39) are **DENIED**.

Finally, Plaintiff is counseled to avoid filings which serve no other purpose but to require other parties, including the Court, to expend valuable time and energy.  While the Court affords deference to pro se litigants, such deference does not extend to frivolous filings, ad hominen arguments, or serial filings serving no other purpose but to harass a counter-party and consume a court's efforts.  In such cases, a court can impose sanctions, to include monetary fines against the filing party.


III.    CONCLUSION

**IT IS, THEREFORE, ORDERED** that that:

1.  Plaintiff's motion for recusal (Doc. No. 12) is denied as moot.

2.  Plaintiff's second motion for recusal (Doc. No. 35) is denied.

3.  Plaintiff's Appeal of Magistrate Judge's Order (Doc. No. 36) is denied.

4.  Plaintiff's Appeal of Magistrate Judge's Order (Doc. No. 39) is denied.


Signed: January 10, 2014


Robert J. Conrad, Jr.
United States District Judge