**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CIVIL ACTION NO. 3:13-CV-485-RJC-DCK**

| | |
|---|---|
| RAYMOND A. JOHNSON, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> SCOTT CLARK HONDA, RANDY ) <br> THREATT, PARKER POE ADAMS & ) <br> BERNSTEIN LLP, SHALANNA L. ) <br> PIRTLE, EEOC, GLORIA J. BARNETT, ) <br> and REUBEN DANIELS, JR., ) <br> ) <br> Defendants. ) <br> ) | MEMORANDUM AND <br> RECOMMENDATION |

**THIS MATTER IS BEFORE THE COURT** on "Defendant Parker Poe Adams & Bernstein LLP And Shalanna L. Pirtle's Motion To Dismiss Plaintiff's Complaint" (Document No. 4); Defendants Scott Clark Honda And Randy Threatt's Motion To Dismiss Plaintiff's Complaint" (Document No. 7); and the "Motion To Dismiss Of Defendants EEOC And Reuben Daniels, Jr." (Document No. 27). These motions have been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. §636(b), and are now ripe for disposition. Having carefully considered the arguments, the record, and the applicable authority, the undersigned will respectfully recommend that the motions be <u>granted</u> in part and <u>denied</u> in part.

## I. BACKGROUND

Plaintiff Raymond A. Johnson ("Plaintiff"), appearing *pro se*, initiated this action with the filing of a "Complaint" (Document No. 1) pursuant to Title VII of the Civil Rights Act of 1964 as amended, for employment discrimination, on August 26, 2013. The Complaint consists

of a six (6) page WDNC-EEOC Complaint form completed by Plaintiff, as well as sixty-eight (68) additional pages of attachments, including Plaintiff's "Declaration…." (Document No. 1).

On the whole, the Complaint is a rambling, disjointed pleading, which includes documents, and apparently grievances, dating from 2008 through 2013. Id. Plaintiff seems to be asserting a Title VII claim against Scott Clark Honda ("Scott Clark") and Randy Threatt ("Threatt") (collectively, "Scott Clark Defendants"), as well as a claim of conspiracy pursuant to 42 U.S.C. § 1985(3) against the EEOC Charlotte District Office ("EEOC"), Reuben Daniels, Jr., and Gloria J. Barnett ("Barnett") (collectively "EEOC Defendants"). (Document No. 1, p.1).

Although the Court has listed both Parker Poe Adams & Bernstein LLP ("Parker Poe") and Shalanna L. Pirtle ("Pirtle") (collectively, "Parker Poe Defendants") as Defendants, it appears to the undersigned that Plaintiff only identified Pirtle as a Defendant. (Document No. 1). Moreover, the Complaint does not explicitly set forth a claim against Pirtle, but suggests that she is liable for conspiring with the EEOC Defendants and/or the Scott Clark Defendants in allegedly violating Plaintiff's rights. See (Document No. 1, pp.11-13, 58).

The Parker Poe Defendants and Scott Clark Defendants filed their pending motions to dismiss on September 18, 2013. (Document Nos. 4, 7). The EEOC Defendants' amended motion to dismiss was filed on November 7, 2013. (Document No. 27). Defendants collectively assert several grounds for dismissal, including Fed.R.Civ.P. 12(b)(1), (2), (5) and (6); however, all Defendants seek dismissal pursuant to Rule 12(b)(6). (Document Nos., 4, 7, 27). The motions to dismiss are now fully briefed and ripe for review and a recommendation to the Honorable Robert J. Conrad, Jr.

## II.  STANDARD OF REVIEW

A motion to dismiss pursuant to Fed.R.Civ.P. 12(b)(6) tests the "legal sufficiency of the complaint" but "does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses."  Republican Party of N.C. v. Martin, 980 F.2d 943, 952 (4th Cir. 1992); Eastern Shore Markets, Inc. v. J.D. Assoc. Ltd. Partnership, 213 F.3d 175, 180 (4th Cir. 2000).  A complaint attacked by a Rule 12(b)(6) motion to dismiss will survive if it contains "enough facts to state a claim to relief that is plausible on its face."  Ashcroft v. Iqbal, 129 S.Ct. 1937, 1960 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)); see also, Robinson v. American Honda Motor Co., Inc., 551 F.3d 218, 222 (4th Cir. 2009).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  Iqbal, 129 S.Ct. at 1949.  "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  Id.

The Supreme Court has also opined that

> Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief."  Specific facts are not necessary;  the statement need only "'give the defendant fair notice of what the ... claim is and the grounds upon which it rests.'"  In addition, when ruling on a defendant's motion to dismiss, a judge must accept as true all of the factual allegations contained in the complaint.

Erickson v. Pardus, 551 U.S. 89, 93-94 (2007) (citing Twombly, 550 U.S. at 555-56).

"Although for the purposes of this motion to dismiss we must take all the factual allegations in the complaint as true, we are not bound to accept as true a legal conclusion couched as a factual allegation."  Papasan v. Allain, 478 U.S. 265, 286 (1986).  The court

"should view the complaint in the light most favorable to the plaintiff." Mylan Labs, Inc. v. Matkar, 7 F.3d 1130, 1134 (4th Cir. 1993).

### III. DISCUSSION

**A. Parker Poe Defendants**

The Parker Poe Defendants' "Memorandum Of Law…" (Document No. 5) first explains that "[t]hough never employed by Defendant Scott Clark Honda, Plaintiff visited the dealership from time to time during the spring and summer of 2012 to shine shoes." (Document No. 5, p.1) (citing Document No. 1, pp.8, 13). Following that experience, Plaintiff filed a "Charge Of Discrimination" with the Equal Employment Opportunity Commission ("EEOC") in November 2012, alleging retaliation by Scott Clark Honda. Id. The EEOC issued a "Notice Of Right To Sue" on May 28, 2013, in connection with Plaintiff's Charge. Id. (citing Document No. 1, p.7). The Parker Poe Defendants acknowledge that Pirtle represented Scott Clark Honda and two of its employees in connection with Plaintiff's Charge. (Document No. 5, pp.1-2).

The Parker Poe Defendants now argue that: (1) there are no independent legal claims specifically asserted against Parker Poe; and (2) Plaintiff's "Complaint is devoid of facts sufficient to support any theoretical claims against Parker Poe or any of the asserted claims against Ms. Pirtle." (Document No. 5, p.2). The "Memorandum…" specifically contends that:

> Plaintiff cannot establish the essential elements of a conspiracy claim under federal or state law;
>
> Neither Parker Poe nor Ms. Pirtle was Plaintiff's employer for purposes of imposing Title VII or ADEA liability;
>
> A purported violation of the North Carolina Rules of Professional Conduct cannot form the basis for civil liability under North Carolina law; and

4

> This Court lacks personal jurisdiction over Parker Poe because Plaintiff's purported service of the Summons and Complaint on Parker Poe was insufficient.

Id.

The undersigned finds the Parker Poe Defendants' arguments convincing. (Document Nos. 4, 5). In particular, the grounds for dismissal pursuant to Rule 12(b)(6) appear to be well-reasoned as to both Parker Poe and Pirtle. (Document No. 5, pp. 3-10).

As noted above, the undersigned finds that the "Complaint" in this action fails to specifically name Parker Poe as a Defendant, or to assert any claims or allegations against Parker Poe. (Document No. 1). Rather, the "Complaint" identifies "Parker Poe LLP Attorney Shalanna L. Pirtle Associate," and seems to assert that Pirtle was complicit in a conspiracy against Plaintiff. Id. As such, the undersigned finds that the "Complaint," even viewed in the light most favorable to Plaintiff, fails to remotely allege a plausible claim against Defendant Parker Poe.

Although there are allegations of wrongdoing regarding Pirtle, they are vague and conclusory, and not supported by sufficient factual content to survive a 12(b)(6) motion. Moreover, all such allegations are gleaned from various attachments to the "Complaint." For example, Plaintiff attaches a letter to Milton A. Mayo, Jr., Inspector General EEOC ("Mayo"), dated the same day as the "Complaint," that states in part that "Pirtle Conspired with Scott Clark Honda To Withheld My Form W9 Request For Taxpayer Identification number and Certification." (Document No. 1, p.11).

The letter to Mayo references an attached letter from Pirtle to Plaintiff dated February 22, 2013. (Document No. 1, pp. 11, 13). The Pirtle letter to Plaintiff provides in pertinent part:

> To be clear, you were never an employee or an independent contractor affiliated with the Dealership. Consequently, the Dealership does not owe you a Form W-2 or Form 1099, and has no obligation to report to the Internal Revenue Service any income you may have received.

(Document No. 1, p.13).

Plaintiff further asserts in the attached letter to Mayo that Pirtle gave him false legal advice, and tried to trick and ambush him. (Document No. 1, p.12). Later, Plaintiff states that Pirtle "played Fast and Loose with her Ethical duties and Fail her Responsibilities and Bad behavior." (Document No. p.63).

The Parker Poe Defendants effectively refute Plaintiff's conspiracy allegations as follows.

> As a threshold matter, it is an established principle that "[t]he attorney-client relationship is immune from conspiracy claims unless the conduct occurs outside the scope of the attorney's representation of a client." *Rowl v. Smith-Debnam Narron Wyche Saintsing & Myers, LLP*, 3:07-CV-491-RJC, 2009 WL 187575, at *3 (W.D.N.C. Jan. 23, 2009), *aff'd,* 376 F. App'x 329 (4th Cir. 2010) (internal citations omitted) (dismissing §1985(3) conspiracy claims based solely on the relationship between the defendants and their attorneys). Here, Plaintiff's conspiracy claims based on the interactions between Ms. Pirtle, her clients the Scott Clark Defendants, and the EEOC following the filing of Plaintiff's EEOC Charge, as well as the allegations regarding Scott Clark Honda's decision not to provide certain tax documents to Plaintiff, all involve conduct that falls squarely within the attorney-client relationship. There are no allegations whatsoever that the alleged "improper" conduct of Ms. Pirtle and her clients was anything other than normal attorney-client representation and advocacy. As such, it cannot, as a matter of law, form the basis for a conspiracy claim.
>
> . . . To suggest that the actions of Ms. Pirtle or Parker Poe in independently advising and zealously defending their clients through the normal EEOC process and related matters constitutes an unlawful conspiracy is nonsensical and wholly at odds with existing case law. *See Rowl,* 2009 WL 187575, at *3. Consequently, Plaintiff cannot establish the first essential element of a Section 1985 conspiracy claim.
>
> With regard to the second and third elements of a Section 1985 conspiracy claim, even reading Plaintiff's Complaint liberally, he has not alleged any "specific class-based, invidiously discriminatory animus" on the part of Ms. Pirtle or Parker Poe.

>Likewise, his vague and rambling allegations do not specify any actual civil or constitutional right that he believes was violated as a result of the purported conspiracy.

(Document No. 5, pp.4-5).

The Parker Poe Defendants' "Memorandum Of Law…" also persuasively addresses Plaintiff's suggestion that Pirtle is liable for some other inappropriate or unethical conduct. (Document No. 5, pp.9-10). Defendants note that Plaintiff was never a client of Parker Poe or Pirtle, and Plaintiff has not asserted that the Parker Poe Defendants breached any legal duty owed to him. Defendants assert that at best Plaintiff complains that Pirtle violated Rule 4.2 of the North Carolina Rules of Professional Conduct involving dealing with unrepresented persons. Id. The Parker Poe Defendants argue that Plaintiff has not alleged sufficient facts to support such a claim, moreover, "it is well established that the North Carolina Rules of Professional Conduct are not designed to be a basis for civil liability." (Document No. 5, p.10) (citing Laws v. Priority Trustee Services of N.C., L.L.C., 3:08-CV-103-GCM, 610 F.Supp.2d 528, 530-31 (W.D.N.C. 2009); Baars v. Campbell Univ., Inc., 148 N.C. App. 408, 421, review denied, 355 N.C. 490 (2002).

Defendants further explain that North Carolina courts, and federal courts applying North Carolina law, "have consistently rejected the use of the ethics rules to establish attorney liability." Id. (citing Laws, 610 F.Supp.2d at 530-31).

It appears that Plaintiff has filed two (2) responses to the Parker Poe Defendants' motion to dismiss. (Document Nos. 16, 20). The Local Rules only allow for one response, and Plaintiff did not seek leave to amend or supplement his response. See Local Rule 7.1 (E).

The crux of Plaintiff's first response seems to be that Defendants' motion to dismiss pursuant to Fed.R.Civ.P. 12(b)(2) or (5) was premature because Plaintiff was allowed additional

7

time to perfect service of the summons and complaint. (Document No. 16). Plaintiff specifically argues that he had until December 22, 2013 to perfect service. (Document No. 16, p.3). Notably, it does not appear that Plaintiff has subsequently offered any argument or evidence that Defendant Parker Poe was ever properly served. Even if Plaintiff did provide proper service on Parker Poe, as discussed above, the "Complaint" does not plausibly support an action against Parker Poe.

In his second response, Plaintiff re-asserts conclusory claims that Pirtle participated in a conspiracy against him. (Document No. 20). Plaintiff's response does not persuasively address the arguments in the motion to dismiss. Id. In fact, nothing in the response suggests that Pirtle's conduct exceeded normal attorney-client representation and advocacy. See (Document No. 5, pp.4-6). One of Plaintiff's primary arguments seems to be that Pirtle is not a tax attorney and thus "shouldn't have given Scott Clark Honda False advice About Taxes Law's." (Document No. 20, p.2). The suggestion that Pirtle, or Parker Poe, are somehow liable to Plaintiff because of the alleged inadequacy of legal advice given to their client Scott Clark Honda is without merit.

In short, the undersigned finds the Parker Poe Defendants arguments convincing. (Document Nos. 4, 5). The undersigned does not find that Plaintiff has pled sufficient factual content to support his claims against Pirtle, or Parker Poe, and to allow "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 129 S.Ct. at 1949. As such, the undersigned will respectfully recommend that the Parker Poe Defendants' motion to dismiss be granted pursuant to Fed.R.Civ.P. 12(b)(6).

### B. Scott Clark Defendants

The Scott Clark Defendants' motion to dismiss largely echoes the arguments of the Parker Poe Defendants. (Document Nos. 7, 8). First, based on much of the same reasoning as

above, Defendants persuasively argue that Plaintiff's conspiracy claims must fail. (Document No. 8, pp.4-6). In this motion, as well as the previous motion, Defendants explain:

> In order to state a claim for conspiracy under Section 1985, Plaintiff must allege: "(1) [a] conspiracy of two or more persons, (2) who are motivated by a specific class-based, invidiously discriminatory animus, (3) to deprive the plaintiff of the equal enjoyment of rights secured by the law to all, (4) and which results in injury to the plaintiff as (5) a consequence of an overt act committed by the defendants in connection with the conspiracy." *Buschi v. Kirven,* 775 F.2d 1240, 1257 (4th Cir. 1985); *see also Griffin v. Breckenridge,* 403 U.S. 88, 102–03, 91 S.Ct. 1790, 1798, 29 L.Ed.2d 338 (1971). As the Fourth Circuit has stated, "the law is well settled that to prove a section 1985 'conspiracy', a claimant must show an agreement or a 'meeting of the minds' by defendants to violate the claimant's constitutional rights." *Simmons v. Poe,* 47 F.3d 1370, 1377 (4th Cir. 1995).

(Document No. 8, p.4).

Like the Parker Poe Defendants, the Scott Clark Honda Defendants conclude that "the attorney-client relationship is immune from conspiracy claims unless the conduct occurs outside the scope of the attorney's representation of a client." Id. (citing Rowl, 2009 WL 187575, at *3). Defendants again argue that all Plaintiff's conspiracy claims draw from interactions between the Scott Clark Defendants, Pirtle, and the EEOC following Plaintiff's EEOC Charge. Id.

The undersigned continues to be persuaded by Defendants' arguments, and finds that Plaintiff's allegations do not support a viable claim of conspiracy, under either federal or state law. See (Document No. 8, pp.4-8).

Next, the Scott Clark Defendants argue that Plaintiff's purported Title VII and ADEA discrimination claims are barred because Plaintiff failed to exhaust his administrative remedies. (Document No. 8, pp.8-10). Defendants note that the "Complaint" (Document No. 1, p.3) checks blanks indicating alleged discrimination with respect to Plaintiff's race and age; however Plaintiff's "Charge Of Discrimination" (Document No. 1, p.8) does not check those boxes.

9

(Document No. 8, p.8). Instead, the "Charge Of Discrimination" only alleges a claim for retaliation. (Document No. 1, p.8).

Defendants then cite persuasive legal authority supporting their position that Plaintiff has not exhausted his administrative remedies as to claims of discrimination based on his race or age. (Document No. 8, pp.8-9). Defendants summarize the pertinent law as follows:

> The Fourth Circuit has indicated that "[o]nly those discrimination claims stated in the administrative charge, those reasonably related to the original complaint, and those developed by reasonable investigation of the original complaint may be maintained in a subsequent Title VII lawsuit." *Evans v. Technologies Applications & Serv.*, 80 F.3d 954, 963 (4th Cir. 1996) (upholding dismissal of harassment and discrimination in pay and benefits and age discrimination claims where plaintiff's EEOC charge related solely to failure to promote because of sex). Simply stated, if a plaintiff fails to exhaust his administrative remedies as to certain claims, he is precluded from filing a Title VII or ADEA lawsuit alleging those claims. *See id.*
>
> Courts have routinely enforced this exhaustion requirement on the rationale that "allowing a complaint to encompass allegations outside the ambit of the predicate EEOC charge would circumvent the EEOC's investigatory and conciliatory role, as well as deprive the charged party of notice of the charge as surely as would a failure to file an EEOC charge." *See O'Rourke v. Continental Casualty Co.*, 983 F.2d 94, 97 (7th Cir. 1993) (emphasis added); *see also Qualls v. Giant Food, Inc.*, 187 F. Supp. 2d 530, 533 (D.Md. 2002) (dismissing claims related to racial slurs, hostile work environment and discriminatory discipline because charge related solely to back injury and discrimination resulting from that injury); *Karim v. Staples, Inc.*, 210 F. Supp. 2d 737, 750 (D. Md. 2002) (dismissing claims for religion and race discrimination where charge expressly alleged only discrimination on basis of national origin and color).

(Document No. 8, p.9).

Defendants also argue that Plaintiff's retaliation claim fails. (Document No. 8, pp.10-13). While acknowledging that *pro se* plaintiffs "are afforded significant leeway at this stage of

the litigation," Defendants contend that the Complaint fails to state an adequate basis for relief in accordance with Iqbal and Twombly. (Document No. 8, p.10).

According to Defendants, Plaintiff's allegation of retaliation is based on the following assertions:

> Plaintiff's former co-worker Chris Childs informed Scott Clark Honda General Manager Randy Threatt, at some unidentified time and place, of a previous charge or lawsuit that Plaintiff had filed at some unidentified time, against his former employer Hendrick Honda. (Compl. at 8, 40-41, 50). Then, at some unidentified time thereafter, Mr. Threatt allegedly refused to do business with Plaintiff (as a shoe-shiner) or discuss employment as a salesperson.

(Document No. 8, p.10). The Scott Clark Defendants argue that even if these factual assertions are true, they do not satisfy the essential elements of a *prima facie* claim for retaliation. Id.

As noted by Defendants, to state a legally viable retaliation claim under Title VII, Plaintiff must allege that: (1) he engaged in protected activity; (2) an employer took action that would be materially adverse to a reasonable employee; and (3) there is a causal connection between the protected activity and the asserted adverse action. (Document No. 8, p.11) (citing Lettieri v. Equant, Inc., 478 F.3d 640, 650 n.2 (4th Cir. 2007)). With regard to the first element, the relevant language of Title VII identifies two broad categories of activities as "protected" for purposes of a retaliation claim – participating in an ongoing investigation or proceeding under Title VII, or opposing discriminatory practices in the workplace. 42 U.S.C. § 2000e–3(a); Laughlin v. Metropolitan Washington Airports Auth., 149 F.3d 253, 258 (4th Cir. 1998); Bradley v. CMI Indus., Inc., 17 F. Supp. 2d 491, 496 (W.D.N.C. 1998).

The Scott Clark Defendants argue that the "Complaint" fails to establish the nature of the charge or lawsuit against Hendrick, or whether and to what extent Plaintiff was "participating" in it. (Document No. 8, p.11). Defendants also argue that in order to constitute a legally protected

11

"opposition" activity, a plaintiff's complaint must involve discrimination based on some protected class. Id. Defendants assert that a mere complaint of harassment or discrimination in general, without any connection to a protected class, is legally insufficient. Id. Defendants conclude that Plaintiff has not alleged facts sufficient to demonstrate that he engaged in a protected activity. (Document No. 8, p.12).

Defendants further argue that Plaintiff's lack of factual specificity with regard to the second and third elements of a retaliation claim are also fatal to his claim. Defendants assert that "[v]ague references to an undated discussion about an employment opportunity and the purported disappearance of that nebulous opportunity," and the lack of "information regarding the timing of Mr. Childs purported mention of Plaintiff's charge or lawsuit in relation to the purported disappearance of the nebulous employment opportunity," are inadequate to show a factual basis for any causal connection assertion. Id.

The undersigned agrees that the factual content of the "Complaint" purportedly supporting a retaliation claim is thin, at best. (Document No. 1). However, Defendants correctly note that Courts typically afford *pro se* litigants significant leeway at this stage of the litigation. (Document No. 8, p.10). Here, Plaintiff seems to include just enough factual content to satisfy the elements of a retaliation claim, and to give Defendants fair notice of his claim. See Erickson v. Pardus, 551 U.S. 89, 93-94 (2007) (citing Twombly, 550 U.S. at 555-56).

In their final argument, the Scott Clark Defendants make a compelling case that Threatt cannot be individually liable under Title VII or the ADEA. (Document No. 8, pp.13-14) (citing Lissau v. Southern Food Serv., Inc., 159 F.3d 177, 180 (4th Cir. 1998); Emmons v. Rose's Stores, Inc., 5 F.Supp. 2d 358, 362-63 (E.D.N.C. 1997) (Title VII claims against individuals acting in their official capacities fail as a matter of law), aff'd, 141 F.3d 1158 (4th Cir. 1998);

Swaim v. Westchester Academy, Inc., 208 F.Supp. 2d 579, 585 (M.D.N.C. 2002) (noting that supervisors are not subject to individual liability under Title VII and granting the individual defendants' motion to dismiss); Jones v. Gordon, No. 1:98-CV-224-MOC, 1999 WL 33320930, at * 1 (W.D.N.C. 1999) (granting the individual defendants' motion to dismiss and noting that Congress only intended employers, not individual supervisors, to be liable for Title VII violations)). Defendants contend that the Fourth Circuit has applied the same reasoning under Title VII to hold that individuals cannot be held liable under the ADEA. Id. (citing Jiggetts v. Sharpe, 141 F.App'x. 162, 163 (4th Cir. 2005) ("Individuals cannot be liable for employment discrimination under the ADEA."); Birkbeck v. Marvel Lighting Corp., 30 F.3d 507, 510-11 (4th Cir.), cert. denied, 513 U.S. 1058 (1994) (ADEA limits civil liability for discharge decisions to employer and thus, employee with authority to make discharge decision for employer is not individually liable)).

Plaintiff's response to the Scott Clark Defendants' motion to dismiss was filed on October 16, 2013. (Document No. 21). The response to the Scott Clark Defendants' motion mostly consists of a series of conclusory statements by Plaintiff asserting that he has stated sufficient claims, and includes minimal actual argument or authority attempting to refute Defendants' positions. Id.

One of Plaintiff's only arguments responding to the motion to dismiss seems to contend that Pirtle and the Scott Clark Defendants were not acting in a normal attorney-client relationship, and thus were conspiring, because "Pirtle send me Letter stopping me From Talk with people I know For a Long time at Scott Clark Honda." (Document No. 21, p.4) (citing Document No. 21 p.9). The undersigned observes that the letter from Pirtle that Plaintiff takes offense to, which is also cited above, states in pertinent part:

> The Dealership takes your claims very seriously and has responded accordingly to the Equal Employment Opportunity Commission ("EEOC"). Please cease and desist from any further contact or communication with Dealership employees. If you engage in any further efforts to contact or communicate with Dealership employees or attempt to disrupt the orderly operations of the Dealership, the Dealership will not hesitate to pursue appropriate legal action. Please feel free to call me if you have any further questions.

(Document No. 21, p.9).

The undersigned is not persuaded that Pirtle's letter supports Plaintiff's conspiracy, or any other, claims. Id. In fact, contrary to Plaintiff's suggestion, the letter appears to support Defendants' position that they were engaged in a normal attorney-client relationship in response to Plaintiff's "Charge Of Discrimination" (Document No. 1, p.8). Plaintiff's attachments further indicate that at the time of the Pirtle letter (Document No. 21, p.9) the EEOC was either engaged in an investigation of Plaintiff's allegations, or about to begin such investigation. See (Document No. 21, p.10; Document No. 1, pp.7-8). Based on the pending investigation, Pirtle's request that Plaintiff "cease and desist from any further contact or communication with Dealership employees" seems reasonable and appropriate. (Document No. 21, p.9). On the whole, Plaintiff's response fails to add any argument or authority that bolsters the threadbare claims of the "Complaint." (Document No. 21).

Based on the foregoing, the undersigned will respectfully recommend that the Scott Clark Honda Defendants' motion to dismiss be granted in part pursuant to Rule 12(b)(6), and denied without prejudice in part. The undersigned finds that only the adequacy of Plaintiff's retaliation claim presents a close call. Recognizing Plaintiff's status as a *pro se* litigant, and that he may have barely satisfied the pleading requirements for a retaliation claim, the undersigned will recommend that Defendant Scott Clark Honda's motion to dismiss the retaliation claim be

denied without prejudice, <u>and</u> that Plaintiff be allowed to file an Amended Complaint – that <u>only</u> includes a retaliation claim against Scott Clark Honda.  In all other aspects, the Scott Clark Honda Defendants' motion to dismiss should be granted.

The undersigned believes justice and judicial economy are best served by allowing Plaintiff one additional opportunity to clarify his retaliation claim against Scott Clark Honda.  Of course, this recommendation is without prejudice to Scott Clark Honda renewing its motion to dismiss following the filing of an Amended Complaint, if appropriate.

**C. EEOC Defendants**

On November 7, 2013, the EEOC Defendants filed their "Motion To Dismiss…" (Document No. 27) alleging that:  Plaintiff has failed to provide proper service in compliance with Fed.R.Civ.P. 4;  the Court lacks subject matter jurisdiction over them;  and the Complaint fails to state a claim pursuant to Fed.R.Civ.P. 12(b)(6).  The undersigned finds the EEOC Defendants' arguments persuasive and will briefly summarize those arguments below.

First, EEOC Defendants contend that Plaintiff's service of process has been insufficient. (Document No. 27, pp.3-4).  Specifically, Defendants noted that service on a U.S. government agency must be accomplished by delivering the summons and complaint to the U.S. Attorney for the district in which the action is brought and sending a copy by certified registered mail to the Attorney General and the agency or employee(s) named in the suit. <u>Id.</u> (citing Fed.R.Civ.P. 4(i)). Defendants acknowledge that Plaintiff mailed a summons to the EEOC Charlotte District Office, as well as to the Office of the Chair of the EEOC's Headquarters in Washington, D.C., but note that no service was made on the U.S. Attorney or the Attorney General.  <u>Id.</u>  Defendants conclude that dismissal is appropriate due to insufficiency of process.  <u>Id.</u>

15

In his response, filed on November 8, 2013, Plaintiff argues that Defendant's sufficiency of process argument was premature, and essentially that he still had time to effect proper service. (Document No. 31, pp.1-2). Plaintiff does not appear to argue the Defendants' position about service of process is incorrect. Id. Accepting Plaintiff's argument that he was allowed additional time as true, there is still no indication in the record that Plaintiff followed through and finally perfected service pursuant to Fed.R.Civ.P. 4.

Next, the EEOC Defendants contend that this Court lacks subject matter jurisdiction. (Document No. 27, pp.4-6). Defendants argue that to the extent Plaintiff is seeking monetary damages from the EEOC, as his "Complaint" (Document No. 1, p.6) suggests, such claim is barred by sovereign immunity. (Document No. 27, p.4).

> A federal court is without jurisdiction to entertain a suit against the United States or a federal agency for monetary damages unless there has been a waiver of sovereign immunity." *United States v. Mitchell*, 445 U.S. 535, 538 (1980); *United States v. Testan*, 424 U.S. 392 (1976). This doctrine applies as well to suits in which a federal agency or its officials are the named defendants. *Fed. Deposit Ins. Corp. v. Meyer*, 510 U.S. 471, 475 (1994); *Dugan v. Rank*, 372 U.S. 609, 620 (1963). A waiver of sovereign immunity cannot be implied; it must be unequivocally expressed. *Mitchell*, 445 U.S. at 538; *United States v. King*, 395 U.S. 1 (1969).

(Document No. 27, pp.4-5). Defendants argue there has been no waiver here, and conclude that Plaintiff has failed to establish under any legal authority that this Court has jurisdiction over Plaintiff's claims against the EEOC Defendants. (Document No. 27, pp.5-6).

Defendant seems to contend in his response that McCottrell v. E.E.O.C., 726 F.2d 350, 351 n.1 (7th Cir. 1983) (citing 28 U.S.C. § 1343) supports the Court's jurisdiction in this matter. (Document No. 31, p.3). The undersigned, however, is not persuaded that the authority cited by Plaintiff supports his position. Rather, McCottrell holds that "[i]t is settled law, in this and other

circuits, that Title VII does not provide either an express or implied cause of action against the EEOC to challenge its investigation and processing of a charge." McCottrell, 726 F.2d at 351. To the extent Plaintiff relies on the footnote in McCottrell stating that 28 U.S.C. § 1343 "provides only a jurisdictional basis for civil right cases authorized by federal law and claims under the Constitution," the EEOC Defendants have effectively argued that such language still does not by itself include any waiver that opens them to this lawsuit. See (Document No. 27, p.6).

Finally, the EEOC Defendants contend that even if this Court has jurisdiction over Plaintiff's § 1985(3) claims, Plaintiff has failed to state a claim upon which relief can be granted. (Document No. 27, p.7). Defendants argue that the "Complaint" "falls dreadfully short of the[] requirements" for a §1985(3) conspiracy claim. Id.

> There is no allegation of class or race based animus against EEOC, the equal enjoyment of rights he was denied, or any injury he suffered as a result of the alleged conspiracy. In the event that a charging party is dissatisfied with the EEOC's administrative processing, the charging party's remedy is to file a lawsuit against his employer in federal district court. *Francis-Sobel v. University of Maine*, 597 F.2d 15, 17 (1st Cir. 1979). This is the exclusive remedy for Plaintiff to enforce his right to equal employment opportunities in private employment. *See Doski v. Goldseker Co.*, 539 F.2d 1326, 1334 (4th Cir. 1976) (holding that §1985(3) is not an available mechanism to enforce rights created by Title VII).

(Document No. 27, p.7-8).

It is clear from Plaintiff's response that he does not accept the EEOC Defendants' argument(s). (Document No. 31). However, the undersigned cannot find that Plaintiff has identified any facts or authority that rebut the EEOC Defendants' motion. As noted above regarding the other Defendants, Plaintiff's claims of a conspiracy among all these parties is not plausibly supported his "Complaint" (or briefs).

In reply, Defendants persuasively add:

> Although Plaintiff claims the EEOC violated his right to due process, he fails to point to any authority establishing that due process rights attach to an EEOC investigation of one's charge of discrimination. As demonstrated previously, courts have determined that no due process rights attach to the EEOC investigative process; characterizing one's dissatisfaction with EEOC's charge processing methods as a constitutional violation does not alter the express remedy provided by Congress – a lawsuit against the allegedly discriminating employer.
>
> . . .
>
> Despite his best efforts, however, Plaintiff still fails to state a claim that the EEOC did anything but investigate his charges of discrimination, pursuant to its statutory authority. Although Plaintiff may be displeased with the manner in which his charges were investigated, this current lawsuit confirms that he is well aware of his right to de novo review in federal district court to obtain any remedy for discrimination which he is entitled by Title VII.

(Document No. 34, pp.2-3).

After careful consideration of the parties' arguments, the undersigned finds that the EEOC Defendants' "Motion To Dismiss…" should be granted.

## IV. RECOMMENDATION

**FOR THE FOREGOING REASONS**, the undersigned respectfully recommends that "Defendant Parker Poe Adams & Bernstein LLP And Shalanna L. Pirtle's Motion To Dismiss Plaintiff's Complaint" (Document No. 4) be **GRANTED**.

**IT IS FURTHER RECOMMENDED** that Defendants Scott Clark Honda And Randy Threatt's Motion To Dismiss Plaintiff's Complaint" (Document No. 7) be **GRANTED** in part, and **DENIED WITHOUT PREJUDICE** in part, as more fully described herein.

**IT IS FURTHER RECOMMENDED** that the "Motion To Dismiss Of Defendants EEOC And Reuben Daniels, Jr." (Document No. 27) be **GRANTED**.

## V. TIME FOR OBJECTIONS

The parties are hereby advised that pursuant to 28 U.S.C. § 636(b)(1)(C), and Rule 72 of the Federal Rules of Civil Procedure, written objections to the proposed findings of fact, conclusions of law, and recommendation contained herein may be filed within **fourteen (14) days** of service of same. Responses to objections may be filed within fourteen (14) days after service of the objections. Fed.R.Civ.P. 72(b)(2). Failure to file objections to this Memorandum and Recommendation with the District Court constitutes a waiver of the right to *de novo* review by the District Court. Diamond v. Colonial Life, 416 F.3d 310, 315-16 (4th Cir. 2005). Moreover, failure to file timely objections will preclude the parties from raising such objections on appeal. Diamond, 416 F.3d at 316; Page v. Lee, 337 F.3d 411, 416 n.3 (4th Cir. 2003); Snyder v. Ridenhour, 889 F.2d 1363, 1365 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140, 147-48 (1985), reh'g denied, 474 U.S. 1111 (1986).

**IT IS SO RECOMMENDED**.

Signed: February 28, 2014

David C. Keesler
United States Magistrate Judge