# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# CIVIL ACTION NO. 3:13-CV-485-RJC-DCK

| | |
|---|---|
| RAYMOND A. JOHNSON, | ) |
| Plaintiff, | ) |
| v. | ) **ORDER** |
| SCOTT CLARK HONDA, et al., | ) |
| Defendants. | ) |

**THIS MATTER IS BEFORE THE COURT** on *pro se* Plaintiff Raymond A. Johnson's "Motion For Sanctions" (Document No. 49) filed April 14, 2014. This motion has been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b), and is now ripe for disposition. Having carefully considered the motion, the record, and applicable authority, the undersigned will deny the motion.

By the instant motion, Plaintiff seeks sanctions against Defendant EEOC and Danielle J. Hayot, counsel for Defendant EEOC. (Document No. 49). Plaintiff appears to argue that sanctions are appropriate because Ms. Hayot filed the "EEOC's Response To Plaintiff's Objections…" (Document No. 48) on April 9, 2014, after the filing deadline of March 30, 2014, set by the Court in its "Order" (Document No. 44) of March 11, 2014. Id.

The undersigned notes the docket sheet indicates that responses to Plaintiff's objections were due by April 10, 2014, thus allowing the typical time period provided by 28 U.S.C. § 636(b)(1)(C) and Rule 72 of the Federal Rules of Civil Procedure. See (Document No. 42, p.19;

Document No. 45). The undersigned further notes that the other Defendants filed their responses on Monday, March 31, 2014. See (Document Nos. 46, 47).

Plaintiff's current motion suggests that he suffered mental and emotional stress, as well as financial losses, based on Defendant EEOC's delayed response. (Document No. 49). However, Plaintiff offers no evidence of any damages, nor does he cite any authority supporting sanctions under these circumstances. Id. Plaintiff's instant motion simply fails to show how he suffered any prejudice because a Defendant filed a response to an objection within the normal time period as noted on the docket, but several days later than the Court had ordered in this case. If there was any inconvenience, it was to the Court -- not Plaintiff. It is noteworthy that the Court allowed Plaintiff an **extra** Seven (7) days to file his objections, but **shortened** Defendants' typical time to file a response to such objections. See (Document No. 44).

Judge Conrad has previously admonished Plaintiff for filing frivolous motions, and warned that the further filing of frivolous documents in this Court may lead to sanctions against Plaintiff. (Document No. 18). The undersigned finds that the instant "Motion For Sanctions" (Document No. 49) violates Judge Conrad's warning. The undersigned will decline to issue sanctions against the *pro se* Plaintiff at this time, but the Court will take the issue under advisement.

**IT IS, THEREFORE, ORDERED** that Plaintiff Raymond A. Johnson's "Motion For Sanctions" (Document No. 49) is **DENIED**.

Signed: April 24, 2014

David C. Keesler
United States Magistrate Judge