UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:13-CV-485-RJC-DCK

| RAYMOND A. JOHNSON, | ) |
|---|---|
| Plaintiff, | ) |
| v. | ) ORDER |
| SCOTT CLARK HONDA ET. AL., | ) |
| Defendants. | ) |

**THIS MATTER** comes before the Court on various motions to dismiss and supporting memoranda by Defendants, including: Parker Poe Adams & Bernstein LLP and Shalanna Pirtle (collectively: Parker Poe Defendants) (Docs. 4-5), Scott Clark Honda and Randy Threatt (collectively: Scott Clark Defendants) (Docs. 7-8), The United States Equal Employment Opportunity Commission, Rueben Daniels, Jr., and Gloria Barnett (collectively: EEOC Defendants), (Doc. 26), Plaintiff's responses (Docs. 16, 20, 21, 31), and the Magistrate Judge's Memorandum and Recommendations (M&R) (Doc. 42). Plaintiff filed objections to the M&R (Doc. 45), and the Defendants replied (Docs. 46-48).

## I. BACKGROUND

Plaintiff Raymond A. Johnson (Plaintiff), appearing *pro se*, filed suit in this Court on August 26, 2013. (Doc. 1). Plaintiff asserted both Title VII and conspiracy claims against Scott Clark Honda and Threatt, as well as a claim of conspiracy under 42 U.S.C. § 1985(3) against the EEOC Defendants. (Doc. 1 at 1). Plaintiff also brought a claim of conspiracy against the Parker Poe Defendants. (Doc. 1 at 11-13, 58).

1

The Defendants asserted various grounds for dismissal under the Federal Rules of Civil Procedure, including Rules 12(b)(1), (2), (5); however, all Defendants moved for dismissal under Rule 12(b)(6). (Docs. 4, 7, 27). The Magistrate Judge filed his M&R on February 28, 2014, recommending that the motions be granted in full as to the EEOC and Parker Poe Defendants. The Magistrate Judge recommended that Scott Clark Defendants' Motion to Dismiss (Doc. 7) be granted in part, and denied without prejudice in part.

Plaintiff lodged four objections to the Magistrate Judge's M&R: (1) that Plaintiff's claim against Pirtle was supported by sufficient factual content to survive a 12(b)(6) motion; (2) that Plaintiff had, in fact, exhausted his administrative remedies; (3) that service of process upon the EEOC Defendants was proper; and, (4) that he alleged sufficient facts to support a claim of conspiracy against the EEOC. Additionally, Plaintiff alleges that the EEOC and Scott Clark Defendants conspired to deny his discrimination claim. The Court reviews Plaintiff's objections de novo.

## II. STANDARD OF REVIEW

### A. Memorandum and Recommendation

The Federal Magistrate Act provides that "a district court shall make a de novo determination of those portions of the report or specific proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1); Camby v. Davis, 718 F.2d 198, 200 (4th Cir. 1983). "By contrast, in the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" Diamond v. Colonial Life & Accident Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005) (quoting FED. R. CIV. P. 72 advisory committee's note). Similarly, de novo review is not required by the statute "when a party makes

general or conclusory objections that do not direct the court to a specific error in the magistrate judge's proposed findings and recommendations." Orpiano v. Johnson, 687 F.2d 44, 47 (4th Cir. 1982).

B.     Motion to Dismiss

A motion to dismiss under Rule 12(b)(6) tests the sufficiency of the plaintiff's complaint. See Edwards v. City of Goldsboro, 178 F.3d 231, 243 (4th Cir. 1999). Except in certain specified cases, a plaintiff's complaint need only satisfy the "simplified pleading standard" of Rule 8(a), Swierkiewicz v. Sorema N.A., 534 U.S. 506, 513 (2002), which requires a "short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). To satisfy this Rule 8 requirement, the showing must consist of at least "enough facts to state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 697 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)); see also Robinson v. American Honda Motor Co., Inc., 551 F.3d 218, 222 (4th Cir. 2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements," however, "do not suffice." Id. Although the Court must consider all well-pled allegations in the complaint as true, Erickson v. Pardus, 551 U.S. 89, 94 (2007), and must construe all factual allegations in the light most favorable to the plaintiff, Harrison v. Westinghouse Savannah River Co., 176 F.3d 776, 783 (4th Cir. 1999), the Court is "not bound to accept as true a legal conclusion couched as a factual allegation." Papasan v. Allain, 478 U.S. 265, 286 (1986).

## III. DISCUSSION

### A. <u>Parker Poe Defendants</u>

The Parker Poe Defendants represented Scott Clark Honda and two of its employees in this suit. Parker Poe contends that there are no independent legal claims asserted against them and that Plaintiff's complaint is devoid of facts sufficient to support any claims against them. (Doc. 5 at 2). The Court **adopts** the Magistrate Judge's recommendation to dismiss Plaintiff's claims against the Parker Poe Defendants for several reasons, including: Plaintiff failed to establish the essential elements of a conspiracy claim under either federal or state law; they were not Plaintiff's employer, a requirement for claims under Title VII or ADEA; an alleged violation of the North Carolina Rules of Professional Conduct cannot form a basis of civil liability under North Carolina law; and, this Court lacks personal jurisdiction over Parker Poe because Plaintiff's service of the summons and complaint was insufficient.

Additionally, Plaintiff's conspiracy claim is without merit as the attorney-client relationship is immune from conspiracy claims unless the conduct occurs outside the scope of the attorney's representation of a client. <u>Rowl v. Smith-Debnam Narron Wyche Saintsing & Myers, LLP</u>, 3:07-CV-491-RJC, 2009 WL 187575, at *3 (W.D.N.C. Jan. 23, 2009), *aff'd*, 276 F. App'x 329 (4th Cir. 2010) (internal citations omitted). Parker Poe's actions were of a normal attorney-client relationship, and were within the scope of the representation of Scott Clark. Therefore, Plaintiff cannot bring a successful claim of conspiracy against the Parker Poe Defendants.

Plaintiff has not alleged sufficient facts to support a claim based upon allegations of ethical violations. Even if Plaintiff had alleged sufficient facts, it would not avail him as North Carolina law has consistently rejected the use of ethics rules to establish attorney liability. <u>Laws</u>

v. Priority Trustee Services of N.C., 610 F.Supp.2d 528, 530-31 (W.D.N.C. 2009). Therefore, Plaintiff cannot bring a claim for professional misconduct against Parker Poe. For these reasons, the Court **dismisses** all claims against the Parker Poe Defendants.

B. EEOC Defendants

The EEOC Defendants argue that Plaintiff did not properly serve the summons and complaints on them. Specifically, Defendants note that service on a U.S. government agency must be accomplished by delivering the summons and complaint to the U.S. Attorney for the district in which the action is brought, and sending a copy by certified registered mail to the Attorney General and the agency or employee named in the suit. See FED. R. CIV. P. 4(i). Plaintiff properly served the Charlotte District Office as well as EEOC's Headquarters in D.C. but failed to serve the U.S. Attorney or Attorney General. Therefore, dismissal is appropriate since sufficient notice was not given due to improper service of process.

Plaintiff tries to bring a Title VII claim against the EEOC to challenge its investigation of his complaint. However, Title VII does not provide either an express or implied cause of action against the EEOC for this matter. McCottrell v. E.E.O.C., 726 F.2d 350, 351 n.1 (7th Cir. 1983).

Finally, even if the Court were found to have jurisdiction over Plaintiff's claims, Plaintiff has failed to state claim upon which relief can be granted. (Doc. 27, at 7). Plaintiff's claim of conspiracy among the EEOC Defendants is not plausibly supported by the facts alleged in his complaint. Accordingly, the Court **dismisses all claims** against the EEOC Defendants.

C. Scott Clark Defendants

1. Conspiracy

Plaintiff has not pleaded sufficient facts to bring a claim of conspiracy as the balance of the facts alleged relate to Scott Clark and Parker Poe's attorney-client relationship. Therefore,

Plaintiff cannot bring a claim for conspiracy against the Scott Clark Defendants under either federal or state law and the Court **dismisses** Plaintiff's claim for conspiracy.

   2.   Discrimination Under Title VII and ADEA

Furthermore, the Scott Clark Defendants contend that Plaintiff's Title VII and ADEA discrimination claims are barred because Plaintiff failed to exhaust his administrative remedies. (Doc. 8 at 8-10). Plaintiff failed to check the race and age boxes when filing a claim with the EEOC (Doc. 1 at 8). The only claim alleged was retaliation. Id. The Fourth Circuit has indicated that only those discrimination claims stated in the administrative charge and reasonably related to the original complaint, may be brought in a subsequent Title VII lawsuit. Evans v. Technologies Applications & Serv., 80 F.3d 954, 963 (4th Cir. 1996). Accordingly, the Court **dismisses** Plaintiff's claim for discrimination under Title VII and the ADEA.

   3.   Retaliation

Defendants maintain that, even accounting for the deference accorded to *pro se* litigants, the complaint does not contain sufficient factual heft to satisfy the standard outlined in Iqbal and Twombly, as Plaintiff did not work for Scott Clark Honda but merely occasionally shined shoes at that location for a brief period. (Id. at 10). Plaintiff, in contrast, contends that a Scott Clark Honda Manager discussed the possibility of employment as a sales person in the future, but that such discussions ended when he informed his former co-worker, Chris Childs, that he filed a claim of discrimination against his former employer, Hendrick Honda. Sometime later, Childs informed Threatt of this. Consequently, Plaintiff contends, Threatt refused to offer him a full time position.

   Section 704(a) of Title VII of the Civil Rights Act of 1964 provides in pertinent part:

(a) It shall be an unlawful employment practice for an employer to discriminate against any of his employees or applicants for employment . . . because he has

> made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under this subchapter.

42 U.S.C.A. § 2003e-3(a).

To bring a viable retaliation claim under Title VII, Plaintiff must allege that: (1) he engaged in protected activity; (2) an employer took action that would be materially adverse to a reasonable employee; and (3) there is a causal connection between the protected activity and the asserted adverse action. Lettieri v. Equant, Inc., 478 F.3d 640, 650 n.2 (4th Cir. 2007). The Court agrees with the Magistrate Judge that Plaintiff has included "just enough factual content" in his complaint to satisfy the elements of retaliation claim. (Doc. 42 at 12). Construing the alleged facts in a light most favorable to Plaintiff, the Court regards the discussions about prospective employment to confer upon Plaintiff the status of an applicant for employment and therefore falling within the ambit of the statute. Plaintiff filed a discrimination suit against his former employee Hendrick Honda; Threatt, Scott Clark Honda's General Manager, had knowledge of this complaint and informed Plaintiff they no longer needed his services. The Fourth Circuit has held that "the employer's knowledge of the protected activity coupled with an adverse action taken at the first opportunity satisfies the casual connection element of the prima facie case [of retaliation]. Thurston v. American Press, LLC, 497 F.Supp.2d 778, 783 (W.D.Va. 2007).

Therefore, Plaintiff has stated the basic elements for a claim and should be allowed to file an Amended Complaint limited to a retaliation claim against the Scott Clark Defendants. Allowing Plaintiff one additional opportunity to clarify his retaliation claim allows justice and judicial economy to be best served. Accordingly, the Scott Clark Defendants' Motion to Dismiss is **denied** as to Plaintiff's claim for retaliation.

## IV. CONCLUSION

The Court **ADOPTS** the Magistrate Judge's Findings and Recommendations (Doc. 42), and **GRANTS** the respective motions to dismiss of Defendants: Parker Poe Adams & Bernstein LLP, Shalanna L. Pirtle, Gloria Barnett, Reuben Daniels, Jr., and the EEOC. (Docs. 4). The Court **GRANTS in part and DENIES in part** Defendants Scott Clark Hondo and Randy Threatt's Motion to Dismiss Plaintiff's Complaint (Doc. 7).

**IT IS, THEREFORE, ORDERED** that:

1. The Magistrate Judge's M&R (Doc. 42) is **ADOPTED**;

2. Defendants Parker Poe Adams & Bernstein LLP and Shalanna L. Pritle's Motion to Dismiss (Doc. 4) is **GRANTED** and they are dismissed from this case.

3. Defendants Scott Clark Honda and Randy Threatt's Motion to Dismiss (Doc. 7) is **GRANTED** as to all claims except Plaintiff's claim for retaliation. The motion is **DENIED without prejudice** as to Plaintiff's claim for retaliation.

4. Defendants U.S. Equal Employment Opportunity Commission (EEOC), Reuben Daniels, Jr., and Gloria J. Barnett's Amended Motion to Dismiss (Doc. 27) is **GRANTED** and they are dismissed from this case.

5. Plaintiff shall have thirty (30) days from the date of entry of this order to file an Amended Complaint that is limited to the claim for retaliation. A failure to file within such time or to comply with this order may result in the dismissal of Plaintiff's claim with prejudice.

Signed: April 25, 2014

Robert J. Conrad, Jr.
United States District Judge